UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZECARY L. BANKS,                                    **DECISION AND ORDER**

               Petitioner,                     6:21-CV-06586 EAW

   v.

DANITA MACINTOSH,

            Respondent.

---

## I.    <u>INTRODUCTION</u>

*Pro se* petitioner Zecary L. Banks ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1). Petitioner challenges the constitutionality of the judgment entered against him on September 8, 2017, in New York State, Chemung County Court (Rich, Jr., J.), following a jury verdict convicting him of second-degree attempted murder (New York Penal Law ("P.L.") §§ 110.00/125.25(1)), three counts of first-degree assault (P.L. § 120.10(1)), two counts of second-degree assault (P.L. § 120.05(2)), and two counts of second-degree criminal possession of a weapon (P.L. § 265.03(1) (one count) and P.L. § 265.03(3) (one count)). (*Id.* at 1).[1] Petitioner is serving his sentence on this judgment.[2]

---

[1]    Page citations to Petitioner's and Respondent's pleadings are to the pagination automatically generated by the Court's case management and electronic filing system (CM/ECF) and located in the header of each page.

[2]    *See* https://nysdoccslookup.doccs.ny.gov/ (results for DIN 17A3768 (last accessed July 3, 2024)).

For the reasons below, the Court concludes that the petition is a mixed petition containing exhausted and unexhausted claims.  The Court further finds that there are two procedural options available to Petitioner.  He either can proceed with all four claims, exhausted and unexhausted; or he can delete the unexhausted claims and proceed on the remaining three claims.  Petitioner is directed to notify the Court in writing which of the two procedural options he elects to pursue.

## II.  <u>BACKGROUND</u>

### A.    **State Court Proceedings**

Petitioner's conviction arises from a shooting at a bar in Elmira, New York, on July 28, 2016, that involved multiple victims.  On August 11, 2016, a Chemung County grand jury returned a nine-count indictment against Petitioner charging him in connection with the shooting as follows:  one count of second-degree attempted murder (New York Penal Law ("P.L.") §§ 110.00/125.25(1)) as to Anthony Mack ("Mack"); one count of first-degree criminal use of a firearm (P.L. § 265.09); three counts of first-degree assault (P.L. § 120.10(1)) as to Mack, Kevyn Walker, and Nicolas Ewanyk; two counts of second-degree assault (P.L. § 120.05(2)) as to Cody Whitmer and Jesus Rivera ("Rivera"); and two counts of second-degree criminal possession of a weapon (P.L. § 265.03(1) (one count) and P.L. § 265.03(3) (one count)).  (Dkt. 23-2 at 70-74).

Petitioner had a jury trial before Chemung County Court Judge Richard Rich, Jr. ("trial court") on July 10, 2017, through July 18, 2017.  (Dkt. 23-1 at 3).  Prior to jury deliberations, the prosecution withdrew the count charging first-degree criminal use of a firearm.  (*Id.* n.1).  The remaining eight counts were submitted to the jury, which returned

a guilty verdict on all of them.  (*Id.* at 20).  On September 8, 2017, the trial court sentenced Petitioner to an aggregate determinate term of 25 years' imprisonment plus an aggregate term of five years' post-release supervision.  (*Id.*).

Represented by new counsel, Petitioner appealed his conviction to the Appellate Division, Third Department, of New York State Supreme Court ("Appellate Division").  (Dkt. 23-2 at 1-62).  Petitioner argued that: (1) the evidence was legally insufficient to support the convictions, and the verdicts were against the weight of the evidence; (2) the trial court's denial of a missing witness charge as to Mack and Rivera was reversible error; (3)(a) the trial court erroneously admitted testimony from certain witnesses that they were reluctant to testify because they feared retaliation, and (b) defense counsel was ineffective for failing to object to such testimony; (4) the trial court erroneously admitted the firearm recovered on the roof of a store near the bar because the prosecution failed to present evidence connecting it to Petitioner; (5) the trial court improperly imposed consecutive sentences; and (6) the sentence was excessive and should be reduced in the interest of justice.

On March 5, 2020, the Appellate Division unanimously affirmed the judgment of conviction.  *People v. Banks*, 181 A.D.3d 973 (3d Dep't 2020).  The New York Court of Appeals denied leave to appeal on June 11, 2020.  *People v. Banks*, 35 N.Y.3d 1025 (2020).

On September 9, 2021, Petitioner filed a motion for a writ of error *coram nobis*, asserting that appellate counsel erroneously failed to argue that trial counsel was ineffective for failing to request a material witness order as to Mack and Rivera and for opening the door to damaging testimony by calling Cyril Ellis ("Ellis") for the defense.  (Dkt. 23-5 at

125-38; Dkt. 23-6 at 1).  On November 26, 2021, the Appellate Division summarily denied the *coram nobis* motion.  *People v. Banks*, 2021 WL 5755508, 2021 N.Y. Slip Op. 75430(U) (3d Dep't 2021); (Dkt. 23-6 at 2).  On March 31, 2022, the New York Court of Appeals denied leave to appeal.  *People v. Banks*, 38 N.Y.3d 948, 185 N.E.3d 966 (Table) (2022); (Dkt. 23-6 at 9).

On June 10, 2022, Petitioner filed a motion pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.47 to be resentenced due to a history of domestic violence. (Dkt. 23-6 at 10-13).  On July 26, 2022, the trial court denied the motion, stating that Petitioner did not provide any support for his claim of domestic violence.  (*Id.* at 14-15).

### B.    Federal Habeas Proceeding

In his timely petition, Petitioner asserts the following grounds for habeas relief: defense counsel was ineffective for failing to request a material witness order as to Mack and Rivera, opening the door to damaging testimony by calling Ellis, and failing to object to testimony from certain witnesses that they were reluctant to testify out of fear of retaliation (Dkt. 1 at 4-5) ("Ground One"); the trial court's denial of the missing witness charge as to Mack and Rivera was reversible error (*id.* at 6-7) ("Ground Two"); the evidence was legally insufficient to support the convictions, and the verdicts were against the weight of the evidence (*id.* at 7-8) ("Ground Three"); and the trial court erroneously admitted the firearm recovered on the roof of a store located near the bar because the prosecution failed to present evidence connecting it to Petitioner (*id.* at 8-9) ("Ground Four").

Respondent filed an answer (Dkt. 23) and memorandum of law in opposition to the petition (Dkt. 23-1), along with the state court records and transcripts (Dkt. 23-2 through Dkt. 23-13). Respondent argues that: Ground One is partially unexhausted and entirely meritless (Dkt. 23-1 at 32-40); Ground Two is not cognizable, unexhausted but must be deemed exhausted and procedurally defaulted, and meritless (*id.* at 28-31); Ground Three is partially not cognizable and entirely meritless (*id.* at 23-28); and Ground Four is not cognizable, unexhausted but must be deemed exhausted and procedurally defaulted, and meritless (*id.* at 40-43). Petitioner did not file a reply.

## III.   EXHAUSTION

### A.    Relevant Legal Principles

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845 (citing 28 U.S.C. § 2254(b)(1)).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan*, 526 U.S. at 845). "In order to have fairly presented his

federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191-92 (2d Cir. 1982) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)).

In addition to fulfilling the "fair presentation" requirement, the petitioner must utilize all available state court remedies before bringing his or her claims to federal court. *See O'Sullivan*, 526 U.S. at 845 ("Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." (ellipsis in original (quoting 28 U.S.C. § 2254(c)))).  The petitioner must utilize the correct procedural vehicle for the particular claim to be exhausted.  *See Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 352 (N.D.N.Y. 2013) ("A claim is not properly exhausted when it is untimely, or if it is submitted to the state court by way of an incorrect procedural mechanism and never addressed." (citing *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991))).

### B.    Application

#### 1.    Ground One

In Ground One, Petitioner claims that he was denied the effective assistance of counsel at trial because his attorney: failed to request a material witness order as to Mack and Rivera ("subground one"), erroneously called Ellis for the defense and opened the door to damaging testimony ("subground two"), and failed to object to testimony from certain

witnesses that they were reluctant to testify out of fear of retaliation ("subground three"). (Dkt. 1 at 4-5).

Respondent asserts that subground three is exhausted because it was raised on direct appeal but that subgrounds one and two are fully unexhausted because they only were raised as predicates for a claim of ineffective assistance of appellate counsel, which did not properly exhaust them. (Dkt. 23-1 at 32-33).

In the exhaustion context, the Second Circuit has required all factual allegations supporting such an ineffectiveness claim to be presented in one application so that the state court may examine all the circumstances and the cumulative effect of counsel's alleged errors. *Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir. 1991). In *Rodriguez*, the petitioner's ineffectiveness claim was based on "six enumerated allegations," but "[o]nly the first two of [them] were raised before the state court; the remaining five appear[ed] for the first time in th[e] habeas petition." 928 F.3d at 538. The Second Circuit concluded that Rodriguez's "claim of ineffective assistance of counsel ha[d] not received full consideration in the state courts." *Id.* Explaining that a claim of ineffectiveness "can turn on the cumulative effect of all of counsel's actions," the Second Circuit stated that "all [Rodriguez's] allegations of ineffective assistance should be reviewed together." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 695-96 (1984)).

The state courts have never considered Petitioner's ineffectiveness claim in light of all the factual allegations mentioned under subgrounds one, two, and three. Furthermore, the alleged errors specified in subgrounds one and two were not fairly presented to the state courts for exhaustion purposes because a *coram nobis* motion is not a proper vehicle for

exhausting any claims other than those of ineffective assistance of appellate counsel. *See Navarro v. McCarthy,* No. 6:20-CV-06094 EAW, 2023 WL 8375858, at *19 (W.D.N.Y. Dec. 4, 2023) ("[R]aising a constitutional claim as a predicate for a claim of ineffective assistance of counsel exhausts only the ineffectiveness claim, not the underlying constitutional claim." (citing *Turner v. Artuz*, 262 F.3d at 123-24 (2d Cir. 2001) (finding that petitioner did not exhaust standalone claims of prosecutorial misconduct by raising them in a *coram nobis* motion as predicates for the claim of ineffectiveness of appellate counsel, on the theory that effective counsel would have appealed on those grounds, because the claims were "distinct . . . in procedural terms under state law and in their federal constitutional sources")).  Petitioner's entire ineffective assistance of trial counsel claim in Ground One has not been fairly presented to the state courts for one full round of appellate review and is unexhausted. *See Rodriguez*, 928 F.3d at 538.

As Respondent notes, Ground One cannot be deemed exhausted and procedurally defaulted at this juncture because Petitioner still has remedies available in state court.  In 2021, C.P.L. § 440.10 was amended to exempt ineffective assistance of counsel claims from the mandatory dismissal provisions of C.P.L. § 440.10(2)(b) and (c). *See People v. Green*, 201 A.D.3d 814, 816 (2d Dep't 2022) ("[E]ffective October 25, 2021, CPL 440.10(2)(c) does not apply to the issue of ineffective assistance of counsel."); *see also Herring v. McCarthy*, No. 19-CV-6111 (CJS), 2022 WL 7326255, at *2 & n.1 (W.D.N.Y. Oct. 13, 2022) (noting amendment).  Because of the amendment, a court in New York State considering a C.P.L. § 440.10 motion may not deny ineffective assistance of trial counsel claims simply because they were based on errors apparent on the trial record, as was

permissible under the former C.P.L. § 440.10(2)(c).  Because Petitioner still has remedies available in the New York State courts, the ineffective assistance of trial counsel claim cannot be deemed exhausted under 28 U.S.C. § 2254(c).

### 2.    Ground Two

Petitioner claims that the trial court committed reversible error by failing to issue a missing witness charge as to Mack and Rivera.  (Dkt. 1 at 6-7).  Respondent contends that Ground Two is not cognizable because it entails a pure issue of New York State law.  (Dkt. 23-1 at 28).  Alternatively, Respondent argues that Ground Two is unexhausted because although Petitioner included it in his brief on direct appeal, he did not present it in federal constitutional terms.  (*Id.* at 28-29).  Respondent asserts that Ground Two must be deemed exhausted because Petitioner no longer has remedies available in New York State court. (*Id.*).

Respondent is correct that in general, the propriety of a state jury charge is a question of state law and not a proper subject for habeas review absent a showing that the issuance or denial of the charge deprived the petitioner of a federal constitutional right.  *Blazic v. Henderson*, 900 F.2d 534, 540 (2d Cir.1990).  But in *Reid v. Senkowski*, 961 F.2d 374 (2d Cir. 1992), the Second Circuit found that the petitioner had exhausted a federal constitutional claim based on an allegation that the judge erroneously refused to issue a missing witness instruction.  *Id.* at 376.  The Second Circuit explained that although his appellate counsel's brief "did not present the federal claim," the petitioner filed a *pro se* supplemental brief "fram[ing] the first question on appeal as '[w]hether appellant's right

to due process of law was violated by the trial court's refusal' to provide a missing witness jury charge," and, in the point heading, cited to the Fourteenth Amendment of the United States Constitution. *Id.* (second alteration in original). The Second Circuit observed that while "it would be better practice for counsel when relying on a broad constitutional doctrine like the Fourteenth Amendment to support the claim with a factual premise and by citation to federal cases," *id.* (quoting *Gonzalez v. Sullivan*, 934 F.2d 419, 423 (2d Cir. 1991)), "a minimal reference to the Fourteenth Amendment satisfies the exhaustion requirement." *Id.* (collecting Second Circuit cases). Accordingly, the Second Circuit concluded that the petitioner had "fairly presented to the state courts the constitutional nature of his challenge to the trial court's refusal to provide a missing witness charge." *Id.*

Unlike *Reid*, Petitioner's counseled appellate brief only cited New York State cases applying the New York State law standard for the propriety of missing witness charges. (*See* Dkt. 23-2 at 39-45). The brief argued that the trial court had not correctly applied the standard articulated in those cases; it did not mention "due process" even in general terms or refer to the Fourteenth Amendment. (*See id.*). The Court therefore concludes that Ground Two of the petition was not fairly presented in federal constitutional terms to the New York State courts and is unexhausted. *See*, *e.g.*, *Hawkins v. Graham*, No. 1:12-CV-0643 MAT, 2014 WL 317842, at *4 (W.D.N.Y. Jan. 29, 2014) (finding that claim based on denial of a missing witness charge was not exhausted where the petitioner "argued solely that the trial court had not properly applied the state law standards regarding the issuance of 'missing witness' jury charges," and "did not reference federal constitutional principles such as 'denial of due process' or 'denial of the right to a fundamentally fair

trial'"); *see also Lewis v. Griffin*, No. 9:14-CV-1411, 2015 WL 6692220, at *6 (N.D.N.Y. Nov. 2, 2015) (same).

"For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (quoting *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989)). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." *Id.* (citing 28 U.S.C. § 2254(c)).

The factual premise underlying Ground Two—the trial court's alleged error in denying a missing witness charge—is apparent on the record. Therefore, Ground Two was appropriately raised on direct appeal. *Hawkins*, 2014 WL 317842, at *5. Petitioner cannot return to state court to exhaust Ground Two because he has already used the one direct appeal to which he is entitled. *See Roa v. Portuondo*, 548 F. Supp. 2d 56, 78 (S.D.N.Y. 2008) ("Any attempt to raise these claims at this stage as part of a direct appeal would be rejected because a criminal defendant is entitled to only one direct appeal and one application for leave to appeal to the Court of Appeals."); N.Y. Ct. R. § 500.20(a)(2) (application seeking leave to appeal "shall indicate . . . that no application for the same relief has been addressed to a justice of the Appellate Division, as only one application is available").

If Petitioner filed a C.P.L. § 440.10 motion to vacate the judgment asserting Ground Two, the motion court would have to dismiss it under C.P.L. § 440.10(2)(a) and/or (c). To the extent Ground Two was "previously determined on the merits upon an appeal from the

judgment," it must be denied because there has not been an intervening "retroactively effective change in the law controlling such issue."  N.Y. Crim. Proc. Law § 440.10(2)(a). To the extent that an aspect of Ground Two was not raised on direct appeal, it must be denied pursuant to § 440.10(2)(c).  *See* N.Y. Crim. Proc. Law § 440.10(2)(c) (motion must be denied where, "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him").

Since Petitioner no longer has remedies available in the New York State courts as to Ground Two, it must be deemed exhausted.  However, "the procedural bar that gives rise to exhaustion[,] provides an independent and adequate state-law ground for the conviction and sentence" and renders the claim procedurally defaulted.   *Gray v. Netherland*, 518 U.S. 152, 162 (1996).  "[B]ecause of the procedural default, [Petitioner] is not entitled to have the claim[] entertained in a federal habeas proceeding unless he can show 'cause' for the default and actual 'prejudice' resulting therefrom," *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)), "or show that he is 'actually innocent,'" *id.* (quoting *Murray*, 477 U.S. at 496 (internal quotation marks omitted in original)).

### 3.     Ground Three

Ground Three of the petition asserts both that the verdicts were against the weight of the credible evidence and that the evidence supporting the convictions was legally insufficient to satisfy due process.  (Dkt. 1 at 7-8).  Respondent argues that the weight of the evidence claim is based solely on New York State law and is not cognizable on federal habeas review.  (Dkt. 23-1 at 23).  Because the weight of the evidence claim does not present a cognizable constitutional issue, it is irrelevant to determining whether a habeas petition is a mixed petition containing exhausted and unexhausted claims.  *Chase v. Russell*, No. 119CV00617EAWLGF, 2024 WL 1739708, at *12 (W.D.N.Y. Apr. 23, 2024) (collecting cases).

Respondent has not asserted the failure to exhaust as a defense to the legal sufficiency claim, which was fairly presented by Petitioner on direct appeal and is properly exhausted.  Although Petitioner cited New York State cases in support of this point (*see* Dkt. 23-2 at 30-38), "[t]he New York Court of Appeals explicitly has acknowledged that '[t]he standard for reviewing the legal sufficiency of evidence in a criminal case is' the same standard articulated in *Jackson*[*v. Virginia*, 443 U.S. 307, 319 (1979))."  *Chase*, 2024 WL 1739708, at *10 (quoting *People v. Contes*, 60 N.Y.2d 620, 621 (1983)).  "Thus, the state and federal standards for evaluating whether evidence is legally sufficient to satisfy due process are more than similar; they are identical."  *Id.*

### 4.     Ground Four

In Ground Four, Petitioner claims that the revolver recovered from the rooftop of a building near the location of the shooting should not have been admitted because there was

insufficient evidence tying it to Petitioner.  (Dkt. 1 at 8-9).  Respondent argues that Petitioner did not raise this evidentiary issue in federal constitutional terms on direct appeal, and it is unexhausted but should be deemed exhausted and procedurally defaulted. (Dkt. 23-1 at 40-41).  The Court agrees.

In his counseled appellate brief, Petitioner argued that the receipt of the revolver into evidence was prejudicial and amounted to reversible error.  (Dkt. 23-2 at 51-54). Petitioner cited only New York State law cases and did not mention due process, the Fourteenth Amendment, or any other constitutional provisions.  (*See id.*).  To the contrary, he specifically described the admission of the gun "[a]s non-constitutional error."  (*Id.* at 54).  Because Petitioner failed to fairly present Ground Four in federal constitutional terms on direct appeal, it was not properly exhausted.

The factual premise underlying Ground Four—the trial court's alleged error in admitting the revolver—is apparent on the record.   Therefore, Ground Four was appropriately raised on direct appeal.  *Hawkins*, 2014 WL 317842, at *5.  Petitioner cannot return to state court to exhaust Ground Four because he has already used the one direct appeal to which he is entitled.  *See Roa*, 548 F. Supp. 2d at 78; N.Y. Ct. R. § 500.20(a)(2).

If Petitioner filed a C.P.L. § 440.10 motion to vacate the judgment asserting Ground Four, the motion court would have to dismiss it under C.P.L. § 440.10(2)(a) and/or (c).  To the extent Ground Four was "previously determined on the merits upon an appeal from the judgment," it must be denied because there has not been an intervening "retroactively effective change in the law controlling such issue."  N.Y. Crim. Proc. Law § 440.10(2)(a). To the extent that an aspect of Ground Four was not raised on direct appeal, it must be

denied pursuant to § 440.10(2)(c). *See* N.Y. Crim. Proc. Law § 440.10(2)(c) (motion must be denied where, "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him").

Since Petitioner no longer has remedies available in the New York State courts as to Ground Four, it must be deemed exhausted. However, "the procedural bar that gives rise to exhaustion[,] provides an independent and adequate state-law ground for the conviction and sentence" and renders the claim procedurally defaulted. *Gray*, 518 U.S. at 162. "[B]ecause of the procedural default, [Petitioner] is not entitled to have the claim[] entertained in a federal habeas proceeding unless he can show 'cause' for the default and actual 'prejudice' resulting therefrom," *DiGuglielmo*, 366 F.3d at 135 (quoting *Murray*, 477 U.S. at 485), "or show that he is 'actually innocent,'" *id.* (quoting *Murray*, 477 U.S. at 496 (internal quotation marks omitted in original)).

### C.     Procedural Options Available for a Mixed Petition

The petition, as currently pleaded, is a mixed petition containing one unexhausted claim (Ground One), two deemed exhausted and procedurally defaulted claims (Grounds Two and Four), one noncognizable claim (Ground Three's weight of the evidence claim), and one exhausted claim (Ground Three's legal sufficiency claim). There are four procedural options available to a district court confronted with a mixed petition: "(1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the

merits [pursuant to 28 U.S.C. § 2254(b)(2)]; (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims." *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 128 (E.D.N.Y. 2017)) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Zarvela v. Artuz*, 254 F.3d 374, 381-82 (2d Cir. 2001)).

The first option—dismissal of the habeas petition in its entirety without prejudice— is not appropriate here because doing so would impair Petitioner's ability to file a timely petition at a later time. In this case, the one-year statute of limitations began running on the date Petitioner's conviction became final on direct review. 28 U.S.C. § 2244(d)(1)(A). The New York Court of Appeals denied leave to appeal on June 11, 2020, and Petitioner's conviction became final on September 9, 2020, when his time for filing a petition for a writ of certiorari in the United States Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires."); U.S. Sup. Ct. R. 13(1).

"When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period." *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998); *see also Dillon v. Conway*, 642 F.3d 358, 360 (2d Cir. 2011) (stating that where the petitioner's state court conviction had become final on November 29, 2006,

"[i]n order for his federal habeas petition to be timely, [he] was required to file it on or before November 29, 2007"). In this case, the last date for instituting a timely habeas application was September 9, 2021, the same date on which Petitioner filed this petition. Although the petition was timely, only one day remained on the limitations period.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). This habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2) and has not tolled the limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

However, Petitioner's *coram nobis* was a properly filed application for state collateral review and provided tolling during the time it was pending. "With regard to filing dates, the Supreme Court and the Second Circuit both appear to consider the date on which a post-trial collateral challenge is filed to be excluded from the limitations period." *Brooks v. Sticht*, No. 20-CV-1108 (JLS), 2022 WL 1190456, at *13 (W.D.N.Y. Apr. 21, 2022) (quoting *Chrysler v. Guiney*, 14 F. Supp. 3d 418, 439 (S.D.N.Y. 2014)). The *coram nobis* motion was filed on September 9, 2021, and tolling began on that day. *See Clemente v. Lee*, 72 F.4th 466, 476-77 (2d Cir. 2023) (stating that the "statute of limitations clock was paused" on the date on which the petitioner filed his *coram nobis* application in the Appellate Division).

The final order resolving the *coram nobis* motion was the denial of leave to appeal issued by the New York Court of Appeals on March 31, 2022. *See Clemente*, 72 F.4th at

477 (citing N.Y. Crim. Proc. Law § 450.90(1) (eff. Nov. 1, 2002)).  As far as when tolling ended, "[t]he prevailing approach in the Second Circuit is 'not to exclude from the limitations period the date on which a state court files a final judgment resolving the pending motion or petition.'"  *Brooks*, 2022 WL 1190456, at *13 (quoting *Chrysler*, 14 F. Supp. 3d at 439).  In other words, the date on which the state court issues its final order counts against the time remaining on the limitations period.  The limitations period began running again, and expired, on March 31, 2022.  *See Clemente*, 72 F.4th at 477 (stating that the "clock did not restart until August 11, 2016—the date on which the Court of Appeals denied Clemente leave to appeal the Appellate Division's ruling").

As Petitioner is out of time to file another habeas petition challenging his conviction, it would be inappropriate to dismiss the entire petition without prejudice.  *See Zarvela*, 254 F.3d at 382 (declining to dismiss mixed petition without prejudice; explaining that because there was "so little time" remaining on the one-year limitations period, a complete dismissal would jeopardize the petitioner's ability to bring a timely petition after exhausting his claims).  The first procedural option is not viable here.

The second option allows the Court to reach the merits of all the claims in the petition, unexhausted and exhausted.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").  The only possible outcome with this option is denial of the entire petition.  *See Caswell v. Racetti*, No. 11-CV-0153 MAT, 2012 WL 1029457, at *4 (W.D.N.Y. Mar. 26, 2012) ("The Second Circuit and other circuit courts of appeals have interpreted this provision to allow courts to deny

mixed petitions on the merits, but not to allow courts to grant mixed petitions on the merits." (citing *Turner*, 262 F.3d at 122 (discussing the 1996 amendments to the habeas statute adding 28 U.S.C. § 2254(b)(2) and stating that "[a] district therefore now has the option of denying mixed petitions on the merits"); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (finding that the district court's "hybrid" disposition of fully unexhausted habeas petition—dismissing one claim on the merits and dismissing the other without prejudice—was "unauthorized by § 2254(b)(2)")).

Pursuant to the third option, Petitioner would delete the unexhausted claim (Ground One), leaving Grounds Two, Three, and Four.  With this option, the Court would not be required to deny the petition on the merits under § 2254(b)(2).  However, Petitioner still faces a procedural default of Grounds Two and Four.

The fourth option would require Petitioner to satisfy the standard in *Rhines v. Weber*, 544 U.S. 269 (2005), for obtaining a stay-and-abeyance as to the unexhausted claims of ineffective assistance of trial and appellate counsel.  *Rhines* instructs that a district court may exercise its discretion to stay a habeas petition if: (1) the petitioner demonstrates "good cause" for failing to exhaust the claims in state court before bringing the federal habeas petition; (2) the unexhausted claims are "potentially meritorious" or at least not "plainly meritless;" and (3) there is no indication of "intentionally dilatory litigation tactics" on the petitioner's part.  544 U.S. at 277-78.

The fourth option is not appropriate because, on the record before the Court, Petitioner cannot show "good cause" for failing to exhaust his claims sooner.  Although Respondent's memorandum of law placed Petitioner on notice that Ground One was fully

unexhausted, Petitioner never sought a stay-and-abeyance as to that claim. The failure to show good cause for failing to exhaust Ground One sooner "is fatal to [his] ability to fulfill the *Rhines* standard." *Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014). The Court accordingly concludes that the fourth option is inappropriate.

Petitioner will be afforded an opportunity to choose between option two (proceed on Grounds One, Two, Three, and Four, with the outcome necessarily being a denial of the petition under § 2254(b)(2)) or option three (delete Ground One and proceed on Grounds Two, Three, and Four). With regard to Grounds Two and Four, Petitioner may attempt to demonstrate cause for, and prejudice resulting from, the default of the claim; or that a fundamental miscarriage of justice will occur if the Court does not hear the claim, i.e., he is actually, factually innocent. Petitioner's response is due 30 days from the date of entry of this Decision and Order.

**IV.    <u>CONCLUSION</u>**

For the reasons above, the petition (Dkt. 1) is a mixed petition containing exhausted and unexhausted claims.  There are two procedural options available to Petitioner, as outlined above in Section III.C.  Petitioner is directed to notify the Court in writing within 30 days of the date of this Decision and Order whether he elects to proceed with a mixed petition comprised of Grounds One, Two, Three, and Four (option two); or to delete Ground One and proceed on Grounds Two, Three, and Four (option three).  Petitioner may argue in his response why the Court should excuse the procedural default of Grounds Two and Four.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     July 22, 2024
           Rochester, New York